UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

BANK OF THE OZARKS,

Plaintiff,

v.                    4:11-cv-237

KINGSLAND HOSPITALITY, LLC,
BHARAT GANDHI, KANUBHAI
PATEL, and PARBHUBAI PATEL

Defendants.

### ORDER

I.     INTRODUCTION

On September 30, 2011, Plaintiff Bank of the Ozarks ("Plaintiff") filed a complaint against Defendants Kingsland Hospitality, LLC, Bharat Gandhi, Kanubhai Patel ("Kanubhai"), and Parbhubai Patel (collectively, "Defendants"), alleging claims of breach of note, breach of guaranty, and unjust enrichment arising from the default on a promissory note. *See* Doc. 1.

Kanubhai was served on October 24, 2011. *See* Doc. 6. Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), Kanubhai had until November 14, 2011 to file his answer but did not do so until November 15, 2011. *See* Doc. 7. On November 16, 2011, Plaintiff filed a motion for entry of default against Kanubhai. *See* Doc. 9. The clerk entered default against Kanubhai one day later. *See* Doc. 10.

Now before the Court is Kanubhai's "Motion to Set Aside Default." *See* Doc. 14.

II.     ANALYSIS

"[W]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend," the clerk shall enter a default against that party. FED. R. CIV. P. 55(a). A court may set aside a default "for good cause." FED. R. CIV. P. 55(c). "The defendant bears the burden of establishing good cause to set aside an entry of default." *Insituform Techs., Inc. v. AMerik Supplies, Inc.*, 588 F. Supp. 2d 1349, 1352 (N.D. Ga. 2008).

"Good cause is a mutable standard, varying from situation to situation." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (internal quotation omitted). "In determining whether 'good cause' has been shown, the courts have considered the following: (a) whether the default was culpable or willful; (b) whether setting it aside would prejudice the adversary; (c) whether the defaulting party presents a meritorious defense; (d) whether there was significant financial loss to the defaulting party; and (e) whether the defaulting party acted promptly to correct the default." *SEC v. Johnson*, 436 F. App'x 939, 945 (11th Cir. 2011).

In this circuit, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003).

Kanubhai has established good cause to set aside his default. Kanubhai retained counsel on November 10, 2011. *See* Doc. 14-3 at 3. His counsel attests that she attempted to electronically file his answer on November 14, 2011, the due date, but failed to obtain her user ID and password before the clerk's office closed for the day. *See id.* In an effort to ameliorate the situation, on November 14, 2011, counsel sent the answer via Federal Express overnight service to the

clerk's office. *See id.* at 4. She also emailed the answer in PDF format and mailed hard copies of Kanubhai's answer and certificate of interested parties to Plaintiff's counsel on the same date. *See id.* The clerk's office did not receive the answer until November 15, 2011. *See id.* at 5.

"[A] technical error or a slight mistake by a party's attorney should not deprive the party of an opportunity to present the merits of his claim." *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) (internal quotation omitted).

Counsel for Kanubhai attests she did not receive notice of the entry of default until November 28, 2011. *See* Doc. 14-3 at 5. Two days later she filed this motion to set aside the default. *See* Doc. 14. Thus, based on her testimony, counsel acted promptly to resolve the default.

In addition, Kanubhai has set forth a meritorious defense. *See Suntrust Bank v. Armsey*, 2010 WL 731802, at *2 (S.D. Fla. Feb. 26, 2010) (noting that court's inquiry is limited to whether "allegations are entirely devoid of merit"). "When making a determination as to whether or not a defaulting party has properly asserted an affirmative defense to warrant the setting aside of an entry of default, likelihood of success is not the measure." *Prudential Ins. Co. of Am. v. Crouch*, 2010 WL 5071392, at *4 (S.D. Ga. Dec. 7, 2010) (internal quotation omitted). "[A] defense is meritorious if it contains even a hint of suggestion which, if proven at trial, would constitute a complete defense." *James v. Progress Energy Fla., Inc.*, 2011 WL 3585816, at *2 (M.D. Fla. Aug. 16, 2011) (internal quotation omitted).

Kanubhai attests that he never signed the guaranty at issue and that he never authorized an individual to sign on his behalf. *See* Doc. 14-2 at 5. Moreover, he argues that this Court lacks personal jurisdiction over him because he "lacks any contacts with Georgia." *See* Doc. 14-1 at 11. He avers that he is a resident of Virginia and attests that he is not a shareholder, officer, or director of Kingsland Hospitality, LLC, did not participate in the business decision to obtain the loan at issue, and did not sign the corresponding guaranty. *See* Doc. 14-2 at 2-5.

Plaintiff did not file a response to Kanubhai's Motion to Set Aside. Review of the record indicates that Plaintiff will not be prejudiced by the Court's setting aside of the default.

Accordingly, after finding good cause, Kanubhai's "Motion to Set Aside Default" is **GRANTED**. The Court is incredulous that under the circumstances Plaintiff's counsel would file a motion for entry of default immediately after Kanubhai's counsel made efforts, via email and mail, to ameliorate her failure to obtain the requisite password and user ID. The Court reminds Plaintiff's counsel of the benefits, both individually and collectively as a profession, of mutual cooperation between lawyers. Lawyers' actions affect the way individuals view the legal profession as a whole. Moreover, opposing counsel will remember a lawyer's actions.

### III. CONCLUSION

Kanubhai's "Motion to Set Aside Default," *see* Doc. 14, is **GRANTED**. The Clerk is **DIRECTED** to **SET ASIDE** the default as to Defendant Kanubhai Patel.

This 5th day of January 2012.

/s/ B. Avant Edenfield
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA